HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UBS FINANCIAL SERVICES, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANDREW HERGERT,<br><br>　　　　Defendant. | CASE NO. C13-1825RAJ<br><br>ORDER DISSOLVING TEMPORARY RESTRAINING ORDER & ORDER TO SHOW CAUSE |

## I. INTRODUCTION

Having considered Defendant Andrew Hergert's opposition to Plaintiff's motion for a temporary restraining order ("TRO"), the court VACATES the TRO it entered on October 10, 2013. The court DENIES the motion (Dkt. # 3), but issues an order to show cause. Plaintiff UBS Financial Services, Inc. ("UBS") shall show cause why the court should not enter an order that:

1) Declines to enter injunctive relief and dismisses this action in lieu of arbitration; and

2) Sanctions UBS for failing to disclose material facts to the court in its motion for a TRO.

UBS shall respond to this order to show cause in writing no later than 11:00 a.m. on Friday, October 18, 2013.

ORDER – 1

## II.  BACKGROUND & ANALYSIS

The court incorporates by reference its discussion of the background facts and applicable law in its October 10 TRO.  It will not repeat that discussion except as necessary.

Distilled to its essence, UBS's case on the merits was that the "Protocol" that permits "registered representatives" of signatory firms to move from one signatory firm to another did not apply to Mr. Hergert, whom UBS represented was merely an "Investment Associate" to whom the Protocol did not apply.  UBS thus alleged that Mr. Hergert's admitted appropriation of a list of clients to whom he provided services was a violation of Washington's version of the Uniform Trade Secret Act ("UTSA," RCW Ch. 19.108), a confidentiality agreement Mr. Hergert entered with UBS, and common law.  UBS filed a motion for a TRO.  The court entered a limited TRO pending receipt of Mr. Hergert's opposition to the motion.

UBS did not disclose at least three material facts which, if UBS had revealed them, would have led the court to decline to enter injunctive relief, at least while it awaited an opposition from Mr. Hergert.  Those facts are:

1) Mr. Hergert signed four "Forgivable Loan Agreements" in which he accepted loans from UBS.  Each of those agreements explicitly permits him, in the event that UBS were to forgive the underlying loan, to take a list of clients if he were to leave UBS.  As of November 2012, UBS had forgiven all of its loans to Mr. Hergert.

2) Mr. Hergert was part of a partnership with Kevin Cahoon at UBS.  That partnership (which apparently existed without a written agreement) paid Mr. Hergert 30% of the partnership's revenue when he joined UBS in 2005, and had increased to 34% by the time he left UBS.  The partnership itself, to say nothing of Mr. Hergert's description of his work at UBS, casts serious doubt on UBS's claim that the "Protocol" does not apply to Mr. Hergert.

ORDER – 2

    3) Mr. Hergert gave the list of clients that he took from UBS to his counsel, and his counsel retained the list without giving Mr. Hergert access.  Counsel told UBS October 4 that Mr. Hergert had no access to his list and reiterated that point on October 8.

The court lists only these three facts, but they are far from an exclusive list.  UBS did not, for example, disclose that Mr. Hergert held a "Certified Financial Planner" designation that Mr. Cahoon did not hold.

    Based on the evidence before the court, it concludes that:

    1) UBS is not likely to succeed on the merits of any of its claims.

    2) UBS is not likely to suffer irreparable harm.  Among other things, UBS willingly permits certain employees to take client lists following the same procedures that Mr. Hergert invoked.  The court views that as a concession that the harm that results from its employees taking lists of clients is not irreparable.

    For those reasons, the court cannot allow its previous TRO to remain in effect.

//
//
//
//
//
//
//
//
//
//
//
//
//

ORDER – 3

### III.   CONCLUSION

For the reasons stated above, the court DENIES UBS's motion for a TRO (Dkt. # 3) and VACATES the TRO it entered on October 10, 2013.  Plaintiff UBS Financial Services, Inc. ("UBS") shall show cause why the court should not enter an order that:

1) Declines to enter injunctive relief and dismisses this action in lieu of arbitration; and

2) Sanctions UBS for failing to disclose material facts to the court in its motion for a TRO.

UBS shall respond to this order to show cause in writing no later than 11:00 a.m. on Friday, October 18, 2013.  Its response shall not exceed 20 pages, although it may submit declarations in support of its response without regard to that page limit.

Dated this 16th day of October, 2013.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 4